UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LARRY KLAYMAN,

    Plaintiff,

    v.

JUDICIAL WATCH, INC.,

    Defendant.

Civil Action No. 17-34 (CKK)

**MEMORANDUM OPINION AND ORDER**
(August 31, 2017)

Pending before the Court is Defendant's [7] Motion to Dismiss, brought pursuant to Federal Rule of Civil Procedure 12(b)(6). The following factual narrative is gleaned from the allegations of the complaint, which are taken as true solely for purposes of the pending motion: Plaintiff separated from Defendant Judicial Watch in September 2003. Compl. ¶ 9. As part of the separation, the parties executed a severance agreement, which included a non-disparagement clause. *Id*. Before his separation from Judicial Watch, Plaintiff represented Jose Basulto ("Basulto") in suing the Republic of Cuba and its political leaders, and obtained a sizable judgment (the "Cuba Judgment"). *Id*. ¶¶ 7–8. Following the separation, Defendant allegedly made no effort to enforce the Cuba Judgment. *Id*. ¶ 11. On November 25, 2016, Plaintiff and Basulto entered an agreement retaining Plaintiff's legal services to enforce the Cuba Judgment. *Id* ¶ 12. However, on or about November 30, 2016, Basulto informed Plaintiff that he would, instead, have Defendant seek enforcement of the Cuba Judgment. *Id*. ¶ 14. In the course of that conversation, Basulto allegedly provided Plaintiff with information showing that, on or about November 30, 2016, Defendant had stated that "Plaintiff did not have the resources or means to legally seek to enforce the Cuba Judgment . . . ." *Id*. Basulto allegedly switched representations on the basis of this statement. *Id*.

Dismissal is sought either on the basis that Defendant is immunized from liability, or because the complaint fails to state a plausible claim for relief. For the reasons discussed below, it is premature to rule on Defendant's immunity defenses, and the complaint alleges plausible claims for breach of contract, defamation, and tortious interference with prospective economic advantage. Accordingly, upon consideration of the pleadings,[1] the relevant legal authorities, and the record for purposes of the pending motion, the Court shall **DENY** the [7] Motion to Dismiss.

---

[1] The Court's consideration has focused on the following documents:

- Complaint, ECF No. 1 ("Compl.");
- Mem. in Supp. of Def.'s Mot. to Dismiss Complaint, ECF No. 7-1 ("Def.'s Mem.");
- Pl.'s Opp'n to Def.'s Mot. to Dismiss Complaint, ECF No. 8 ("Opp'n Mem.");
- Def.'s Reply Mem. in Supp. of its Mot. to Dismiss Complaint, ECF No. 11 ("Reply Mem.");

1

## LEGAL STANDARD

Pursuant to Rule 12(b)(6), a party may move to dismiss a complaint on the grounds that it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Rather, a complaint must contain sufficient factual allegations that, if accepted as true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

In deciding a Rule 12(b)(6) motion, a court may consider "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint," or "documents upon which the plaintiff's complaint necessarily relies even if the document is produced not by the plaintiff in the complaint but by the defendant in a motion to dismiss." *Ward v. District of Columbia Dep't of Youth Rehab. Servs.*, 768 F. Supp. 2d 117, 119 (D.D.C. 2011) (internal quotation marks omitted). Here, the Court has limited its Rule 12(b)(6) analysis to the allegations of the complaint, and the exhibits attached to the complaint.

## DISCUSSION

The Court begins with Defendant's assertions of privilege, before turning to assess whether Plaintiff has stated plausible claims for relief.

### Judicial Proceedings Privilege

Defendant contends that it is entitled to absolute immunity under the judicial proceedings privilege for the alleged statement to Basulto. The District of Columbia has adopted the judicial proceedings privilege as articulated in section 586 of the RESTATEMENT (SECOND) OF TORTS (1977):

> An attorney at law is absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding, or in the institution of, or during the course and as a part of, a judicial proceeding in which he participates as counsel, if it has some relation to the proceeding.

*See Finkelstein, Thompson & Loughran v. Hemispherx Biopharma, Inc.*, 774 A.2d 332, 338 (D.C. 2001); *Messina v. Krakower*, 439 F.3d 755, 760 (D.C. Cir. 2006). Defendant contends that the privilege applies because the statement to Basulto relates to "Judicial Watch's representation of Basulto in the collection effort as it advised regarding the best strategy for achieving the client's goal of successfully collecting the Cuba Judgment." Def.'s Mem. at 5. The problem with this contention, however, is that it assumes a fact not alleged in the complaint. Rather, according to the allegations—assumed to be true for purposes of the pending motion—Defendant Judicial Watch

---

- Pl.'s Surreply, ECF No. 12 ("Surreply Mem.").

In an exercise of its discretion, the Court **GRANTS** Plaintiff's [12] Motion for Leave to File Surreply.

had not sought enforcement of the Cuba Judgment on behalf of Basulto after Plaintiff's separation from the organization. This lack of activity is what allegedly resulted in Basulto retaining Plaintiff in November 2016. Consequently, while it may be true that the statement at issue was made in the course of Defendant's representation of Basulto, Defendant will need to adduce evidence of this contention in later stages of this proceeding.[2] Until then, the Court cannot conclude that Defendant was participating in the prospective litigation as counsel at the time the statement was made.

### Common Interest Privilege

For similar reasons, dismissal is not appropriate on the basis of the common interest privilege. "To come within the protection of the 'common interest' privilege, the statement must have been (1) made in good faith, (2) on a subject in which the party communicating has an interest, or in reference to which he has, or honestly believes he has, a duty to a person having a corresponding interest or duty, (3) to a person who has such a corresponding interest." *Moss v. Stockard*, 580 A.2d 1011, 1024 (D.C. 1990). Here, Defendant contends that the statement falls within the common interest privilege because the "statement represents that class of communications that attorneys make, indeed, are obligated to make, to protect a client's economic interest . . . ." Def.'s Mem. at 6. As already discussed, the complaint does not allege that Judicial Watch and Basulto were in an attorney-client relationship at the time the statement was made, meaning dismissal on the basis of this privilege is not appropriate at this time. *See Armenian Assembly of Am., Inc. v. Cafesjian*, 597 F. Supp. 2d 128, 138 (D.D.C. 2009) (Kollar-Kotelly, J.) (on a motion to dismiss, holding that "disputed questions of fact preclude the Court from considering the applicability of this qualified privilege").

### Plaintiff Has Stated Plausible Claims for Relief

*Breach of Contract*

Defendant contends that Plaintiff has failed to plead a plausible claim for breach of the non-disparagement clause of the severance agreement because he does not plausibly allege that the statement was made by an individual who was an officer or director of Judicial Watch at the time the severance agreement was executed. Def.'s Mem. at 6–7. The relevant portion of the severance agreement provides that: "Judicial Watch expressly agrees that its present directors and officers namely Paul Orfanedes and Thomas Fitton, will not, directly or indirectly, disseminate or publish, or cause or encourage anyone else to disseminate or publish, in any manner, disparaging, defamatory or negative remarks or comments about [Plaintiff]." ECF No. 1-1, at 9. The complaint alleges that the disputed statement was made by Chris Farrell, who is alleged to have been a member of Defendant's board of directors at the time the severance agreement was executed, and further alleges that Mr. Farrell was acting in concert with Paul Orfanedes and Thomas Fitton. Compl. ¶ 15. In the Court's view, this suffices, given the allegations in the complaint of the long

---

[2] The timing of the statement is a paradigmatic fact issue. The complaint alleges that Basulto told Plaintiff both of the statement, and of that fact that Judicial Watch would take the representation, during the same conversation on November 30, 2016. Whether the statement to Basulto preceded the entering of the attorney-client relationship, however, is unclear from the face of the complaint.

3

and complex relationship between Plaintiff and the officers and directors of Judicial Watch, and the alleged factual circumstances of the Basulto representation.

*Defamation*

Defendant further contends that the defamation claim is not viable because Defendant was either in an attorney-client relationship with Basulto, or because the statement was not defamatory. Def.'s Mem. at 7–8. As already noted, the complaint does not allege that Defendant was in an attorney-client relationship with Basulto at the time the statement was made. Furthermore, as Defendant recognizes, a "statement is 'defamatory' if it tends to injure the plaintiff in his trade, profession or community standing, or lower him in the estimation of the community." *Moss v. Stockard*, 580 A.2d 1011, 1023 (D.C. 1990). Moreover, if "it appears that the statements are at least capable of a defamatory meaning, whether they were defamatory and false are questions of fact to be resolved by the jury." *Id*. In the Court's view, the statement at issue, based on the allegations in the complaint, is at least capable of a defamatory meaning in the sense that it could, if false, tend to injure a lawyer in his profession by depriving him of clients that he could otherwise capably represent. Finally, although Defendant contends that the statement here did not refer to Plaintiff, *see* Def.'s Mem. at 9, the complaint plausibly alleges that Plaintiff was in fact the subject of the statement, given the alleged subject-matter and circumstances of the November 30, 2016 conversation between Plaintiff and Basulto.

*Tortious Interference With Prospective Economic Advantage*

Turning to Plaintiff's tortious interference claim, Defendant contends that this claim is not viable because the complaint "is void of any allegation that Basulto breached his contract with Klayman." Def.'s Mem. at 10. But Plaintiff does not bring a tortious interference *with contract* claim; the complaint states a count for tortious interference *with prospective business relations*. Compl. at 9. "In the District of Columbia, a tortious interference with contract claim has four required elements: '(1) the existence of a contract; (2) knowledge of the contract; (3) intentional procurement of a breach of the contract; and (4) damages resulting from the breach.'" *Teltschik v. Williams & Jensen, PLLC*, 683 F. Supp. 2d 33, 56 (D.D.C. 2010) (citation omitted), *aff'd*, 748 F.3d 1285 (D.C. Cir. 2014). "A tortious interference with prospective economic advantage claim has identical elements, except that the plaintiff must demonstrate the existence, knowledge, and intentional procurement of a breach of a prospective advantageous business transaction instead of meeting those elements as to a contract." *Id*. (citing *Casco Marina Dev., LLC v. District of Columbia Redevelopment Land Agency*, 834 A.2d 77, 84 (D.C. 2003)). Consequently, an alleged breach of contract is unnecessary for the claim actually alleged in the complaint. And although Defendant seemingly contends that Plaintiff's claim is more properly one for interference with contract, *see* Def.'s Mem. at 10, Defendant cites no law that would prevent Plaintiff from freely choosing between which of the two tortious interference claims to bring. Similarly, although Defendant contends that the District of Columbia does not recognize a separate claim for tortious interference with the attorney-client relationship, that is of no moment, because that is not what Plaintiff has pled in his complaint.

Finally, Plaintiff has in fact alleged tortious conduct by Defendant. Namely, Defendant's actions that allegedly interfered with a prospective economic advantage: the allegedly defamatory

4

statement already discussed, which allegedly resulted in Plaintiff losing his opportunity to represent Basulto in enforcement proceedings related to the Cuba Judgment.

## **CONCLUSION AND ORDER**

For the foregoing reasons, the [7] Motion to Dismiss is **DENIED**.

**SO ORDERED.**

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge