**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

LARRY KLAYMAN,

                Plaintiff

     v.

JUDICIAL WATCH, INC.,

              Defendant.

Civil Action No: 1:17-cv-00034

**PLAINTIFF'S MOTION TO COMPEL DEPOSITIONS OF DEFENDANTS' OFFICERS AND/OR ORDER TO SHOW CAUSE**

Plaintiff Larry Klayman ("Klayman") hereby moves for this Court to compel Thomas Fitton ("Fitton"), Paul Orfanedes ("Orfanedes") and Chris Farrell ("Farrell") – each of whom are officers and/or directors of Defendants Judicial Watch, Inc. ("Judicial Watch") – to be deposed as per Klayman's properly and timely served Notice of Taking Depositions. Exhibit A. On January 3, 2018, Klayman sent the Notice of Taking Depositions to Richard Driscoll, Esq. ("Mr. Driscoll"), counsel for Judicial Watch, via email and U.S. mail, which provided that Fitton was to appear for deposition on January 16, 2018 at 9:00 A.M., Orfanedes was to appear for deposition on January 17, 2018 at 9:00 A.M., and that Farrell was to appear for deposition on January 18, 2018 at 9:00 A.M. The reason for these specific dates is that they coincide with Klayman being in Washington D.C. on unrelated matters.

Mr. Driscoll has asserted that Fitton will not appear for deposition because he "has absolutely no factual information of relevance to this case and requests that you excuse him from the deposition." Exhibit B. It defies logic to assert that Fitton – the president of Judicial Watch who has engaged in a longstanding pattern and practice of maliciously and tortuously interfering

with Klayman since Klayman left Judicial Watch – does not have any "factual information" regarding this latest instance of Judicial Watch's interference with Klayman's representation of Jose Basulto. Indeed, it is Judicial Watch, through the ratifying conduct of its officers and directors, who was found to have maliciously defamed Klayman in the Southern District of Florida, which resulted in a $181,000 judgment. *See* ECF No. 1 ¶ 10 (the "Defamation Case") In fact, it is Fitton, Orfanedes, and Farrell's conduct in the Defamation Case that make depositions so essential, as they did not testify truthfully in the Defamation case. Exhibit B. In any event, it is clearly not adequate for Fitton to make the self-serving statement that he does not have any "factual information" to avoid being deposed by Klayman, especially given the fact that he has been found to have engaged in this type of disparagement in the past. If this were adequate, then no corporate officer would ever have to sit for deposition because he or she would simply say that they have no "factual information."

Mr. Driscoll appeared to assert that Fitton, Orfanedes, and Farrell were not properly noticed because they were not issued subpoenas. However, as Judicial Watch's officers and/or directors, it is clear that they simply need to be noticed. As set forth in *Stone v. Morton Int'l*, 170 F.R.D. 498, 503-04 (D. Utah 1997), "[t]he courts have attempted to construct a specific interpretation relative to the corporate obligation to produce a corporate officer, director, or managing agent on notice. The line of cases, using various references, supports the conclusion that a party can, by notice, require a corporation to produce a director, officer or managing agent for deposition." (emphasis added). Furthermore, "If the party is a corporation…[a]lternatively, the party seeking the deposition may identify a specific officer, director, or managing agent to be deposed and notice that person under Rule 30(b)(1). The testimony of such a person will be binding on the party." *United States v. Afram Lines*, (USA), Ltd. 159 F.R.D. 408, 413

(D.S.D.N.Y. 1994) (emphasis added). Also, FRCP 37(d)(1)(A)(i) allows for sanction is "a party or a party's officer, director, or managing agent—or a person designated under Rule 30(b)(6) or 31(a)(4)—fails, after being served with proper notice, to appear for that person's deposition...." (emphasis added). Thus, it is abundantly clear that Fitton, Orfanedes, and Farrell were properly noticed.

Lastly, Mr. Driscoll has asserted that Farrell is unavailable because he is scheduled to be out of time during the week of the 16th. Klayman has stated that he would be willing to reschedule Farrell's deposition should Mr. Driscoll provide evidence of the trip, but Mr. Driscoll has failed to do so. Exhibit B. Mr. Klayman has also been willing to accommodate a delay in start time to Orfanedes' deposition as well as the possibility that Mr. Driscoll needs to depart early on that day. Exhibit B.

Based on the foregoing, Klayman respectfully requests that this Court compel the depositions of Fitton, Orfanedes, and Farrell at the previously noticed times and dates, as the method of notice was clearly proper under the Federal Rules, and Klayman has stated that he is willing to accommodate scheduling conflicts if evidence of the supposed conflict is provided. Given that Fitton, Orfanedes, and Farrell has shown to be untruthful – having participated in maliciously defaming Klayman as well as other incidents - in the past, it is unfair and unjust to expect Klayman to simply take their assertions regarding availability at face value.

Klayman has attempted to resolve this by agreement, but Defendants and their counsel have not been forthcoming. While Klayman is flexible on the start and ending times of each properly noticed deposition, clearly at least for Fitton and Orfanedes, they are available on the noticed dates and should be ordered to appear. Klayman has already made travel arrangements and there

is no just cause to delay these depositions, as counsel should work in good faith to allow discovery to proceed.

Plaintiff respectfully also requests and award of fee and costs for regrettably having to file this motion. Hopefully, after this motion is filed, if Defendants and their counsel will reconsider their unnecessary tactics, Klayman reserves the right to supplement this pleading.

As the depositions are noticed to begin on January 16, 2018, Klayman also respectfully requests a telephonic hearing with the Court should Defendants and their counsel not reconsider their actions.

Dated: January 9, 2018                              Respectfully submitted,

                                                    */s/ Larry Klayman*
                                                    Larry Klayman, Esq.
                                                    KLAYMAN LAW GROUP
                                                    2020 Pennsylvania Ave NW #800
                                                    Washington, DC, 20006
                                                    Tel: (561) 558-5536
                                                    Email: leklayman@gmail.com

                                                    *Pro Se*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically and served through the court's ECF system to all counsel of record or parties on January 9, 2018

                                                    */s/ Larry Klayman*

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

LARRY KLAYMAN,

                 Plaintiff,

       v.

JUDICIAL WATCH, INC.,

               Defendant.

Civil Action No. 1:17-cv-00034 (TJK)

## NOTICE OF TAKING DEPOSITION

PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil Procedure, the undersigned will take the deposition of the following individual on the date and at the time and place indicated and will be completed within the time provided by the local rules:

| NAME | DATE AND TIME | PLACE |
|------|---------------|-------|
| Thomas Fitton | January 16, 2018<br>9:00 a.m. EDT | Planet Depositions<br>1100 Connecticut Ave NW, #950<br>Washington, DC, 20036 |

Such deposition will be upon oral examination conducted before a Notary Public in and for the District of Columbia, or some other officer duly authorized by law to take depositions, and will continue until completed and is being taken for discovery purposes, for use at trial, or any other purpose permitted under the applicable Rules of Procedure and Evidence. The deposition will be recorded by stenographic means and by videotape.

Dated:  January 3, 2018

Respectfully Submitted,

 /s/ *Larry Klayman*
Larry Klayman, Esq.
D.C. Bar No. 334581
The Klayman Law Group, P.A.

2020 Pennsylvania Ave. NW, Suite 800
Washington, DC 20006
Tel: (310) 595-0800
Email: leklayman@gmail.com

*Plaintiff Pro Se*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via email

and U.S. mail upon the following on January 3, 2018:

Driscoll Seltzer
Attn: Richard Driscoll, Esq.
300 N. Washington St, #610
Alexandria, VA, 22314
rdriscoll@driscollseltzer.com

*/s/ Larry Klayman*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

LARRY KLAYMAN,

                            Plaintiff,

        v.

JUDICIAL WATCH, INC.,

                            Defendant.

Civil Action No. 1:17-cv-00034 (TJK)

**NOTICE OF TAKING DEPOSITION**

PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil Procedure, the undersigned will take the deposition of the following individual on the date and at the time and place indicated and will be completed within the time provided by the local rules:

| **NAME** | **DATE AND TIME** | **PLACE** |
|---|---|---|
| Paul Orfanedes | January 17, 2018<br>9:00 a.m. EDT | Planet Depositions<br>1100 Connecticut Ave, NW, #950<br>Washington, DC, 20036 |

Such deposition will be upon oral examination conducted before a Notary Public in and for the District of Columbia, or some other officer duly authorized by law to take depositions, and will continue until completed and is being taken for discovery purposes, for use at trial, or any other purpose permitted under the applicable Rules of Procedure and Evidence. The deposition will be recorded by stenographic means and by videotape.

Dated:  January 3, 2018                              Respectfully Submitted,


                                        /s/ *Larry Klayman*
                                        Larry Klayman, Esq.
                                        D.C. Bar No. 334581
                                        The Klayman Law Group, P.A.

2020 Pennsylvania Ave. NW, Suite 800
Washington, DC 20006
Tel: (310) 595-0800
Email: leklayman@gmail.com

*Plaintiff Pro Se*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via email

and U.S. mail upon the following on January 3, 2018

Driscoll Seltzer
Attn: Richard Driscoll, Esq.
300 N. Washington St, #610
Alexandria, VA, 22314
rdriscoll@driscollseltzer.com

*/s/ Larry Klayman*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

LARRY KLAYMAN,

                             Plaintiff,

                 v.

JUDICIAL WATCH, INC.,

                             Defendant.

Civil Action No. 1:17-cv-00034 (TJK)

## NOTICE OF TAKING DEPOSITION

PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil Procedure, the undersigned will take the deposition of the following individual on the date and at the time and place indicated and will be completed within the time provided by the local rules:

| **NAME** | **DATE AND TIME** | **PLACE** |
|---|---|---|
| Chris Farrell | January 18, 2018<br>9:00 a.m. EDT | Planet Depositions<br>1100 Connecticut Ave NW, #950<br>Washington, DC, 20036 |

Such deposition will be upon oral examination conducted before a Notary Public in and for the District of Columbia, or some other officer duly authorized by law to take depositions, and will continue until completed and is being taken for discovery purposes, for use at trial, or any other purpose permitted under the applicable Rules of Procedure and Evidence. The deposition will be recorded by stenographic means and by videotape.

Dated:  January 3, 2018

Respectfully Submitted,


 /s/ *Larry Klayman*          
Larry Klayman, Esq.
D.C. Bar No. 334581
The Klayman Law Group, P.A.

2020 Pennsylvania Ave. NW, Suite 800
Washington, DC 20006
Tel: (310) 595-0800
Email: leklayman@gmail.com

*Plaintiff Pro Se*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via email

and U.S. mail upon the following on January 3, 2018:

Driscoll Seltzer
Attn: Richard Driscoll, Esq.
300 N. Washington St, #610
Alexandria, VA, 22314
rdriscoll@driscollseltzer.com

*/s/ Larry Klayman*

**EXHIBIT B**



Oliver Peer <oliver.peerfw@gmail.com>

---

## Case Authority Showing Ability to Notice Corporate Officers With Deposition Notices
6 messages

---

**Oliver Peer** <oliver.peerfw@gmail.com>                                        Tue, Jan 9, 2018 at 11:24 AM
To: Larry Klayman <leklayman@gmail.com>

"The courts have attempted to construct a specific interpretation relative to the corporate obligation to produce a corporate officer, director, or managing agent on notice. The line of cases, using various references, supports the conclusion that a party can, by notice, require a corporation to produce a director, officer or managing agent for deposition."

*Stone v. Morton Int'l*, 170 F.R.D. 498, 503-04 (D. Utah 1997).

"Only a party to litigation may be compelled to give testimony pursuant to a notice of deposition. If the party is a corporation, it may be noticed pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, in which case it must designate an officer, director, or managing agent to testify on its behalf. **Alternatively, the party seeking the deposition may identify a specific officer, director, or managing agent to be deposed and notice that person under Rule 30(b) (1). The testimony of such a person will be binding on the party.** However, a corporate employee or agent who does not qualify as an officer, director, or managing agent is not subject to deposition by notice"

*United States v. Afram Lines*, (USA), Ltd. 159 F.R.D. 408, 413 (D.S.D.N.Y. 1994) (emphasis added)

Also, FRCP 37(d)(1)(A)(i) allows for sanction is "a party or a party's officer, director, or managing agent—or a person designated under Rule 30(b)(6) or 31(a)(4)—fails, after being served with proper notice, to appear for that person's deposition...." (emphasis added).

---

**Larry Klayman** <leklayman@gmail.com>                                        Tue, Jan 9, 2018 at 12:13 PM
To: rdriscoll <rdriscoll@driscollseltzer.com>
Cc: Oliver Peer <oliver.peerfw@gmail.com>, Dina James <daj142182@gmail.com>

Richard:

Please see the considerable case and other legal authority that my notices of deposition for FITTON, ORFANEDES AND FARRELL ARE VALID AND ENFORCEABLE.

IF YOU DO NOT CONIRM THERE APPEARANCES ON THE DATES AND TIMES NOTICED BY COB TODAY, I WILL MOVE THE COURT FOR ORDERS TO SHOW CAUSE. THIS WILL OCCUR AS WELL FOR FARRELL, SINCE YOU HAVE NOT SENT PROOF OF HIS ALLEGED VACATION, AS DISCUSSED IN EARLIER EMAILS, WHICH I SUSPECT.

I look forward to your response later today,

Regards,

LARRY KLAYMAN

[Quoted text hidden]

---

**Richard Driscoll** <rdriscoll@driscollseltzer.com>                          Tue, Jan 9, 2018 at 12:52 PM
To: Larry Klayman <leklayman@gmail.com>
Cc: Oliver Peer <oliver.peerfw@gmail.com>, Dina James <daj142182@gmail.com>

Larry:

As previously stated, Chris Farrell will be traveling on previously-scheduled Judicial Watch business from Monday (1/15) through Thursday (1/18).  He does not return to DCA until late afternoon. I do not have proof of this trip in my possession, but have no reason to doubt the veracity of the statement. He is willing to appear on a mutually convenient date.  As a previously-scheduled trip, it will not be changed on short notice. If you refuse to accommodate his schedule, I will file a motion for protective order.


Mr. Orfanedes will appear on the scheduled date, but as previously explained, the start time will need to be delayed by 45-60 minutes to accommodate my schedule while my wife serves as a juror in Alexandria, VA. I have children who need rides to school those days.  You should also know that I will need to leave by 2 p.m. unless I am able to make arrangements for someone else to pick up my children.


Mr. Fitton has absolutely no factual information of relevance to this case and requests that you excuse him from the deposition.  We are currently preparing a declaration to affirm this. I anticipate that you will not agree to this request so we will file a motion to quash his deposition notice as you have made it clear that you intend to harass him for the remainder of your life.


Please note that this entire dispute could have been avoided if you merely proposed dates and allowed me to arrange for a convenient time. Instead, you arbitrarily noted the dates and then insist on ignoring the schedules of my client and I.  Your tactics are unreasonable and will not work here.


Richard W. Driscoll, Esquire

Driscoll & Seltzer, PLLC

300 N. Washington St., Suite 610

Alexandria, VA 22314

703.879.2601 Direct

703.997.4892 Facsimile

rdriscoll@driscollseltzer.com

www.driscollseltzer.com

The information contained in this message, including attachments, may contain privileged or confidential information that is intended to be delivered only to the person identified above. If you are not the intended recipient, or the person responsible for delivering this message to the intended recipient, Driscoll & Seltzer requests that you immediately notify the sender and asks that you do not read the message or its attachments, and that you delete them without copying or sending them to anyone else.

**From:** Larry Klayman [mailto:leklayman@gmail.com]
**Sent:** Tuesday, January 09, 2018 3:14 PM
**To:** Richard Driscoll
**Cc:** Oliver Peer; Dina James
**Subject:** Fwd: Case Authority Showing Ability to Notice Corporate Officers With Deposition Notices

[Quoted text hidden]

---

**Larry Klayman** <leklayman@gmail.com>                                      Tue, Jan 9, 2018 at 1:08 PM
To: rdriscoll <rdriscoll@driscollseltzer.com>
Cc: Oliver Peer <oliver.peerfw@gmail.com>, Dina James <daj142182@gmail.com>

No one is harassing FITTON AND CO. To the contrary I am the one who has a judgment for malicious defamation. This case is just one of the latest examples of my being defamed and disparaged I. And Fitton is not immune from discovery and being deposed and cross examined. He did not testify truthfully in the referenced malicious defamation case for example and an affidavit is not appropriate in any event.

If you file anything before we do please attach all the email correspondence between us on the issue of these depositions.

Govern yourselves accordingly.

Larry

[Quoted text hidden]

---

**Richard Driscoll** <rdriscoll@driscollseltzer.com>                          Tue, Jan 9, 2018 at 1:15 PM
To: Larry Klayman <leklayman@gmail.com>
Cc: Oliver Peer <oliver.peerfw@gmail.com>, Dina James <daj142182@gmail.com>

Larry:


Your email did not clearly respond to any of my questions. So, just to be clear, I am interpreting your latest email as refusing to reschedule Mr. Farrell's deposition to a mutually convenient date, declining to excuse Mr. Fitton from his deposition date, and declining to begin/end Mr. Orfanedes' deposition to accommodate my schedule. If any of this is not correct, please email me immediately.


Silence as to the remainder of your email is not intended as acceding to the assertions made. Indeed, Judicial Watch reserves all rights.


Richard W. Driscoll, Esquire

Driscoll & Seltzer, PLLC

300 N. Washington St., Suite 610

Alexandria, VA 22314

703.879.2601 Direct

703.997.4892 Facsimile

rdriscoll@driscollseltzer.com

www.driscollseltzer.com


The information contained in this message, including attachments, may contain privileged or confidential information that is intended to be delivered only to the person identified above. If you are not the intended recipient, or the person responsible for delivering this message to the intended recipient, Driscoll & Seltzer requests that you immediately notify the sender and asks that you do not read the message or its attachments, and that you delete them without copying or sending them to anyone else.

**From:** Larry Klayman [mailto:leklayman@gmail.com]
**Sent:** Tuesday, January 09, 2018 4:09 PM
**To:** Richard Driscoll
**Cc:** Oliver Peer; Dina James
**Subject:** RE: Case Authority Showing Ability to Notice Corporate Officers With Deposition Notices

[Quoted text hidden]

---

**Larry Klayman** <leklayman@gmail.com>                                Tue, Jan 9, 2018 at 1:19 PM
To: rdriscoll <rdriscoll@driscollseltzer.com>
Cc: Oliver Peer <oliver.peerfw@gmail.com>, Dina James <daj142182@gmail.com>

I want the deponents on the noticed dates. We can adjust the start time on each date to accommodate. If you provide proof that Farrell is on vacation we can consider your resquest. Farrell also is not the most straight forward person so I have asked for proof. Y'all have had several days to provide it.

Larry
[Quoted text hidden]